**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| ADRIA CRUMP, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. RDB-19-787 |
| VINIFERA DISTRIBUTING, | * | |
| Defendant | * | |
| | *** | |

## ORDER

On March 14, 2019, Plaintiff filed the above-captioned Complaint in which she alleged that the termination of her employment violated the Americans with Disabilities Act (ADA). ECF No. 1. After explaining that Plaintiff's allegations did not amount to a prima facie claim, the Court granted Plaintiff 28 days to file an Amended Complaint curing the noted defects. ECF No. 3. The Court specifically noted that

> Plaintiff claims that she was terminated from her job and retaliated against for her "usage of a cane." ECF No. 1 at 4. Plaintiff briefly mentions that a co-worker asked inquired about her cane, prompting a "detailed conversation of why I use my cane for my knees" and further states that she "spoke loudly to" the same coworker when he startled her "which almost made [her] fall." *Id.* at 7-8. However, Plaintiff does not explain how these events related to her termination, nor does she does not otherwise mention her disability in recounting the events preceding her termination. Instead, based on Plaintiff's statement of facts, her termination appears to have stemmed from a dispute over responsibility for inconsistencies with inventory.
>
> . . . [T]o plead a valid ADA claim, a plaintiff must allege that she was subject to an adverse action *because of* her disability that she would not have otherwise been subjected to had she not possess the disability. *See Gentry v. East West Partners Club Management Co., Inc.*, 816 F.3d 228, 235-36 (4th Cir. 2016). Plaintiff's current Complaint—alleging only that she was fired and (perhaps) that she had a disability, but failing to explain the relationship between these two facts—fails to state an ADA claim.

ECF No. 3 at 2.

Plaintiff timely filed her Amended Complaint, but this latest filing fails to cure the defects with the original Complaint.  Indeed, the Amended Complaint fails to even state a cause of action, but the Court will assume that Plaintiff continues to pursue her ADA claim.  Other than her isolated statement that "John Langlois[,Plaintiff's apparent subordinate,] asked me why I use a cane, then on 2 separate occasions tried to compromise my stability in the warehouse, while I did not use my cane while working," Plaintiff does not mention otherwise her alleged disability nor does she explain how it factored into her termination.  ECF No. 5 at 2.  Rather, as with the original Complaint, the Amended Complaint's allegations regarding her termination concern inventory management and disputes over responsibility.  *Id.* ("I was fired on November 1st for being disruptive and unable to work with coworkers by John Fusciello, when in fact I was fired for doing my job with integrity, with accuracy and reporting facts that compromised my job to the appropriate persons who were aware of my concerns and never did anything regarding my concerns or write ups.").  Having failed to cure the problems with original Complaint, the Court will dismiss this action

Accordingly, it is this 9th day of April, 2019, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. This action IS DISMISSED for failure to state a claim;
2. The Clerk SHALL CLOSE this case; and
3. The Clerk IS DIRECTED to MAIL a copy of this Order to Plaintiff.

                                                  /s/
                                            RICHARD D. BENNETT
                                         UNITED STATES DISTRICT JUDGE