```
_____ FILED      _____ ENTERED
_____ LOGGED  ☒ RECEIVED

APR 17 2019
AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY
```

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

Adria Crump                *

                           *

v.                         *   Case No. RDB-19-787

Vinfera Distributing       *
of MD                      *

## NOTICE OF APPEAL

Notice is hereby given that **Adria Crump**,
(fill in names of all parties who are appealing)

**Plaintiff** in the above captioned case, hereby appeals to the
(indicate plaintiff/s or defendant/s)

United States Court of Appeals for the Fourth Circuit the **Order to dismiss**
(indicate order or judgment)

entered in this case on **April 9th 2019**.

**4/15/19**                        _[signature]_
Date                               Signature

                                   **Adria Crump**
                                   Printed Name and Bar Number

                                   **215 Garden Ridge Rd #B**
                                   Address

                                   _____
                                   Email Address

                                   **(202) 603-4250**
                                   Telephone Number

                                   _____
                                   Fax Number

NoticeofAppeal (06/2016)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ADRIA CRUMP, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. RDB-19-787 |
| VINIFERA DISTRIBUTING, | * | |
| Defendant | * | |
| | *** | |

## ORDER

On March 14, 2019, Plaintiff filed the above-captioned Complaint in which she alleged that the termination of her employment violated the Americans with Disabilities Act (ADA). ECF No. 1. After explaining that Plaintiff's allegations did not amount to a prima facie claim, the Court granted Plaintiff 28 days to file an Amended Complaint curing the noted defects. ECF No. 3. The Court specifically noted that

> Plaintiff claims that she was terminated from her job and retaliated against for her "usage of a cane." ECF No. 1 at 4. Plaintiff briefly mentions that a co-worker asked inquired about her cane, prompting a "detailed conversation of why I use my cane for my knees" and further states that she "spoke loudly to" the same coworker when he startled her "which almost made [her] fall." *Id.* at 7-8. However, Plaintiff does not explain how these events related to her termination, nor does she does not otherwise mention her disability in recounting the events preceding her termination. Instead, based on Plaintiff's statement of facts, her termination appears to have stemmed from a dispute over responsibility for inconsistencies with inventory.
>
> ... [T]o plead a valid ADA claim, a plaintiff must allege that she was subject to an adverse action *because of* her disability that she would not have otherwise been subjected to had she not possess the disability. *See Gentry v. East West Partners Club Management Co., Inc.*, 816 F.3d 228, 235-36 (4th Cir. 2016). Plaintiff's current Complaint—alleging only that she was fired and (perhaps) that she had a disability, but failing to explain the relationship between these two facts—fails to state an ADA claim.

ECF No. 3 at 2. *[handwritten annotations: "additional in my 3/14/19 - I informed SSA I was NOT using my cane and gave John Tusciello name and contact information"]*

Plaintiff timely filed her Amended Complaint, but this latest filing fails to cure the defects with the original Complaint. Indeed, the Amended Complaint fails to even state a cause of action, but the Court will assume that Plaintiff continues to pursue her ADA claim. Other than her isolated statement that "John Langlois[,Plaintiff's apparent subordinate,] asked me why I use a cane, then on 2 separate occasions tried to compromise my stability in the warehouse, while I did not use my cane while working," Plaintiff does not mention otherwise her alleged disability nor does she explain how it factored into her termination. ECF No. 5 at 2. Rather, as with the original Complaint, the Amended Complaint's allegations regarding her termination concern inventory management and disputes over responsibility. *Id.* ("I was fired on November 1st for being disruptive and unable to work with coworkers by John Fusciello, when in fact I was fired for doing my job with integrity, with accuracy and reporting facts that compromised my job to the appropriate persons who were aware of my concerns and never did anything regarding my concerns or write ups."). Having failed to cure the problems with original Complaint, the Court will dismiss this action

Accordingly, it is this 9th day of April, 2019, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. This action IS DISMISSED for failure to state a claim;
2. The Clerk SHALL CLOSE this case; and
3. The Clerk IS DIRECTED to MAIL a copy of this Order to Plaintiff.

/s/
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

United States District Court of Maryland
101 W. Lombard Street
Baltimore, MD 21202

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2019 MAR 21  PM 3:56

CLERK'S OFFICE
AT BALTIMORE
BY _____ DEPUTY

**Adria M. Crump**

211 Garden Ridge Road

Apt. B

Catonsville, MD 21228

    Plaintiff

vs.

**Vinifera Distributing of Maryland**

3630 commerce Drive

Ste. 105

Baltimore, MD 21227

    Defendant

Case No.: No. RDB-19-787

Complaint: Unequal terms and conditions of my employment, retaliation and unsafe work environment.

## Complaint:

1. I was hired mid-July 2017 and I conducted a physical inventory of the warehouse, which had discrepancies from the prior month as well as the end of the month of July with more discrepancies. I was told by the sales manager John Fusciello, that the inventory would never come out accurate and each month I was there, it never did.

2. I informed corporate office (Anna) regarding my concerns after several months passed with discrepancies every month regarding inventory, concerns regarding employee Johns Langlois, I also made her and Preston aware of the statement John Fusciello made regarding inventory. Anna said that that responsibility fell on me, so I reminded John Langlois of the policy and procedures, which he continued to ignore. I also corresponded the Preston, who is the trainer and he also concurred.

3. John Langlois asked me why I use a cane, then on 2 separate occasions tried to compromise my stability in the warehouse, while I did not use my cane while working.

4. I disciplined John Langlois per corporate office (Anna) on 4 occasions: 8/24, 9/1, 10/6 and 10/24 after he continued to not follow policy and procedures. He spoke to John Fusciello regarding the write ups and John Fusciello blamed me for trying to fire John Langlois as John Fusciello would continue to make excuses for John Langlois.

5. I also conversed with John Fusciello regarding John Langlois continuous mess ups and he would continue to make excuses for John Langlois. I spoke with Preston and Anna, they already knew what was going on in this office as John Fusciello had previous difficulty with the prior Office Coordinator, who he fired.

6. I was fired on November 1st for being disruptive and unable to work with coworkers by John Fusciello, when in fact I was fired for doing my job with integrity, with accuracy and reporting facts that compromised my job to the appropriate persons who were aware of my concerns and never did anything regarding my concerns or write ups. He also mentioned to contact my Senators office before I left the office on November 1st.

7. After speaking with Mr. Mutale Matambo from Elijah Cummings office he suggested I file an EEOC case and I did.

**Seeking damage amount:**

Exceeding $75,000

3/21/19
Date

Adria M. Crump

Judge, District Court of Maryland

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ADRIA CRUMP, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. RDB-19-787 |
| VINIFERA DISTRIBUTING, | * | |
| Defendant | * | |
| | *** | |

## ORDER

Although a complaint need not contain detailed allegations, the facts alleged must be enough to raise a right to relief above the speculative level and require "more than labels and conclusions," as "'courts are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id.* at 561.

Further, under Fed. R. Civ. P. 8(a), a pleading which sets forth a claim for relief, shall contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought.

Moreover, each "allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "Threadbare recitals of the elements of a cause of action, supported by mere statements, do not

suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The Court has thoroughly examined the Complaint and finds that it is insufficient and fails to adequately allege a claim. Plaintiff claims that she was terminated from her job and retaliated against for her "usage of a cane." ECF No. 1 at 4. Plaintiff briefly mentions that a co-worker asked inquired about her cane, prompting a "detailed conversation of why I use my cane for my knees" and further states that she "spoke loudly to" the same coworker when he startled her "which almost made [her] fall." *Id.* at 7-8. However, Plaintiff does not explain how these events related to her termination, nor does she does not otherwise mention her disability in recounting the events preceding her termination. Instead, based on Plaintiff's statement of facts, her termination appears to have stemmed from a dispute over responsibility for inconsistencies with inventory.

> The American with Disabilities Act (ADA) states, in relevant part, that
>
> No covered entity shall discriminate against a qualified individual *on the basis of disability* in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

42 U.S.C. § 12112(a) (emphasis added). Thus, to plead a valid ADA claim, a plaintiff must allege that she was subject to an adverse action *because of* her disability that she would not have otherwise been subjected to had she not possess the disability. *See Gentry v. East West Partners Club Management Co., Inc.*, 816 F.3d 228, 235-36 (4th Cir. 2016). Plaintiff's current Complaint— alleging only that she was fired and (perhaps) that she had a disability, but failing to explain the relationship between these two facts—fails to state an ADA claim.

Plaintiff shall be afforded the opportunity to amend the Complaint to provide brief, concise, and clear factual allegations in compliance with Fed. R. Civ. P. 8(a). Plaintiff is forewarned that failure to adequately supplement the pleading will result in dismissal of the Complaint without

prejudice and without further notice. Plaintiff's Motion for Leave to Proceed in Forma Pauperis shall be granted. ECF No. 2.

Accordingly, it is this 18th day of March, 2019, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Plaintiff IS GRANTED 28 days from the date of this Order to file an Amended Complaint;

2. Plaintiff IS FOREWARNED that failure to comply with this Order in the time specified will result in dismissal of the Complaint without prejudice and without further notice from the Court;

3. Plaintiff's Motion for Leave to Proceed In Forma Pauperis (ECF No. 2) IS GRANTED; and

4. The Clerk IS DIRECTED to MAIL a copy of this Order to Plaintiff.

/s/
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Adria Crump
_____
Plaintiff(s)

v.

Civil Action No. RDB-19-787

Vinifera Distributing of MD
_____
Defendant(s)

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Vinifera Distributing of MD
Serve Agent: John Fusciello
3630 Commerce Dr.
Ste 105
Baltimore, MD. 21227

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Adria Crump
211 Garden Ridge Rd
#B
Catonsville, MD 21228

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____       _____
*Signature of Clerk or Deputy Clerk*